Filed 8/1/24  P. v. Ruiz CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY RUIZ,<br><br>    Defendant and Appellant. | B332947<br><br>Los Angeles County<br>Super. Ct. No. BA232116 |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge. Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION AND PROCEDURAL BACKGROUND

In 2003, a jury convicted defendant and appellant Anthony Ruiz of three counts of willful, deliberate and premeditated attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and one count of first degree murder (§ 187, subd. (a)). On the murder count, the jury found true the special circumstance allegation that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside of the vehicle with the intent to inflict death. (§ 190.2, subd. (a)(21).)[2] The trial court sentenced Ruiz to life without the possibility of parole on the murder count, as well as three consecutive sentences of life with the possibility of parole on the attempted murder counts.

In 2022, Ruiz filed a petition for resentencing under former section 1170.95.[3] The trial court appointed counsel on Ruiz's behalf. The prosecution filed an opposition, arguing Ruiz was

---

1     All undesignated statutory references are to the Penal Code.

2     The jury also found true various allegations that a principal was armed with a firearm during the commission of the offenses, and found gang allegations not true on all counts, though none of those findings has any direct bearing on this appeal.

3     Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For the sake of simplicity, we will refer to the statute by its new code section. That section provides relief for certain individuals convicted of attempted murder under the natural and probable consequence doctrine, as well as certain individuals convicted of murder under an imputed-malice theory of liability. (See § 1172.6.)

ineligible for relief as a matter of law because the record of conviction demonstrated the jury was never instructed on the felony murder rule, natural and probable consequences doctrine, or any other theory of imputed-malice liability. The prosecution noted the jury was only instructed Ruiz was guilty of murder and attempted murder because he harbored the intent to kill. Along with its opposition, the prosecution attached the jury instructions from Ruiz's trial. The trial court denied Ruiz relief as a matter of law, noting the record demonstrated the jury was not instructed on the felony murder rule, natural and probable consequences doctrine, or any other theory of imputed-malice liability.

Ruiz timely appealed, and we appointed counsel to represent him. On January 31, 2024, appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. On March 4, 2024, Ruiz filed a supplemental brief.

## DISCUSSION

In his brief, Ruiz argues: (1) by not raising stronger arguments at the resentencing hearing in the trial court, his trial counsel was ineffective in violation of Ruiz's constitutional rights; (2) the evidence adduced at Ruiz's trial does not demonstrate Ruiz acted with premeditation or the intent to kill; (3) by not raising stronger arguments on appeal, and by not thoroughly reviewing Ruiz's case file, appellate counsel was ineffective; (4) the prosecution fabricated certain facts surrounding Ruiz's convictions; and (5) the jury's not true findings on the gang allegations bolster the argument that Ruiz is entitled to section 1172.6 relief. We are unpersuaded.

As the trial court correctly explained, Ruiz's jury was never instructed on the felony murder rule, natural and probable

consequences doctrine, nor any other theory of imputed-malice liability. Indeed, a review of the jury instructions reveals that, in order to convict Ruiz of murder and attempted murder, the jury necessarily needed to find beyond a reasonable doubt that he harbored the intent to kill. Because the record shows the jury convicted Ruiz of murder and attempted murder under theories that are still valid under current law, the trial court was correct in concluding Ruiz is ineligible for section 1172.6 relief as a matter of law. We therefore reject Ruiz's assertions that the court erred in denying him relief.

Nor are we persuaded by Ruiz's arguments that his counsel at the resentencing hearing and on appeal were ineffective. To demonstrate ineffective assistance of counsel, Ruiz must show he was prejudiced by counsel's performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [104 S.Ct. 2052, 80 L.Ed.2d 674].) He has not done so. Because Ruiz is ineligible for section 1172.6 relief as a matter of law, there is nothing counsel could have done to obtain a better outcome. Because Ruiz cannot demonstrate prejudice, i.e., because he has no chance of obtaining a more favorable outcome on remand, his ineffective assistance of counsel claims are without merit.

We lastly reject Ruiz's arguments that the facts of his case demonstrate he is eligible for section 1172.6 relief. It is clear from the record that Ruiz was not convicted of murder or attempted murder under an imputed-malice theory of liability. For this same reason, the jury's not true findings on the gang allegations are of no assistance to Ruiz. In short, as explained above, because Ruiz is ineligible for relief under the plain language of the statute, there is no chance he can receive a more favorable outcome, and remand is unwarranted.

In addition to rejecting the arguments Ruiz raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

We affirm the order denying Ruiz section 1172.6 relief.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.